Robert **WARNER**, Plaintiff–Appellant,

v.

**FORD MOTOR COMPANY,**
Defendant–Appellee.

No. 93–1312.

United States Court of Appeals,
Sixth Circuit.

Reargued Dec. 7, 1994.

Decided Feb. 6, 1995.

Alan B. Posner (argued and briefed), Kelman, Loria, Downing, Schneider & Simpson, Detroit, MI, for Robert Warner.

Cathy Ventrell–Monsees (briefed), Washington, DC, for American Ass'n of Retired Persons.

John M. Thomas (argued and briefed), Ford Motor Co., Dearborn, MI, for Ford Motor Co.

Timothy Hauser (argued), U.S. Dept. of Labor, Office of the Sol., Plan Benefits Sec. Div., Washington, DC, for Secretary of Labor.

Andrew Nickelhoff (briefed), Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, Detroit, MI, for National Lawyers Guild, Detroit Chapter, ACLU Fund of Michigan, amicus curiae.

Dwight H. Vincent (briefed), Detroit, MI, for Michigan Mfrs. Ass'n.

Paul D. Ramshaw (briefed), E.E.O.C., Washington, DC, for E.E.O.C.

Before: MERRITT, Chief Judge; and KEITH, KENNEDY, MARTIN, JONES, MILBURN, GUY, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, and DAUGHTREY, Circuit Judges.

MERRITT, Chief Judge.

Under 28 U.S.C. § 1441, removal of an action from state to federal court is allowed when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.[1] This appeal raises an issue concerning federal removal jurisdiction in cases in which ERISA preemption[2] is asserted as a de-

---

**1.** Section 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**2.** The Employee Retirement Income and Security Act of 1974, 29 U.S.C. § 1132(e), provides for federal jurisdiction of actions under 29 U.S.C. 1132(a)(1)(B) "by a participant or beneficiary [in an ERISA plan] ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his

fense. In September 1992, the plaintiff brought a case for damages and reinstatement against his employer in a Michigan state court claiming age discrimination in violation of Michigan law. The complaint in state court contained only a state law claim. Therefore, under ordinary rules of removal jurisdiction the case could not properly be removed to federal court because it was not "founded" on federal law. In October 1992, the defendant removed the case from state to federal court on the basis of the so-called "complete preemption exception" (discussed below) to the "well-pleaded complaint rule"—the rule "that the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987). See R. Levy, *Federal Preemption, Removal Jurisdiction, and the Well–Pleaded Complaint Rule*, 51 *U.Chi. L.Rev.* 634, 642 (1984) (well-pleaded complaint rule based on ease of administration because it "saves considerable time and expense and enhances predictability, reliability, uniformity and reviewability of results").

The defendant employer contends that the doctrine of removal based on "complete preemption" applies under ERISA because the defense to the state claim as alleged in the defendant's Notice of Removal is based on the fact that the plaintiff has taken early retirement in lieu of discharge, is receiving benefits under a retirement agreement governed by federal ERISA law and has signed a release of claims form in exchange for retirement benefits. Because the plaintiff's claim necessarily calls into question the validity of his retirement agreement which is said to be governed exclusively by federal ERISA law, the defendant contends that federal ERISA law entirely displaces state discrimination law under federal preemption rules and vests removal jurisdiction in the federal courts under the "complete preemption" ex-

ception enunciated in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The district court agreed with defendant's argument. The court allowed removal and then dismissed plaintiff's state claim as preempted by ERISA, relying on *Metropolitan Life*, as interpreted by *Van Camp v. AT & T Information Systems*, 963 F.2d 119 (6th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992), a case directly on point in which the Sixth Circuit allowed a plaintiff's state law discrimination claim to be removed and dismissed as preempted by an employer's early retirement plan governed by federal ERISA law.

Other cases decided by different panels in the Sixth Circuit conflict with the *Van Camp* decision—particularly *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994), *Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 704*, 25 F.3d 1308 (6th Cir.1994), and *Smolarek v. Chrysler Corp.*, 879 F.2d 1326 (6th Cir.) (en banc), *cert. denied*, 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 537 (1989), all of which denied removal. In order to resolve the conflict within the Circuit, the Court granted *en banc* review. The Court now overrules *Van Camp* and holds that plaintiff's complaint was not subject to federal removal jurisdiction. We reverse the judgment of the district court and remand the case with instructions to remand the case to the state court from which it was removed.

\*　　\*　　\*　　\*　　\*　　\*

Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore does not authorize removal to federal court. *Gully v. First National Bank, supra* [299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)]. *One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of*

rights to future benefits under the terms of the plan." Section 1144 is the express preemption section of ERISA. It provides (with certain exceptions not relevant here) that ERISA "shall

*supersede* any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan...." (Emphasis added.)

*claims is necessarily federal in character.* (Emphasis added.)

*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Supreme Court has not yet had an opportunity to explain further this "corollary" or to distinguish carefully between ordinary preemption and "complete preemption." In *Metropolitan Life,* the Court did hold that the scope of the "complete preemption" exception for removal is narrow—it said that it is "reluctant to find that extraordinary pre-emptive power . . . that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65, 107 S.Ct. at 1547. The Court ruled that the exception is narrowly limited in the ERISA context to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B) ] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction. . . ." *Id.* at 66, 107 S.Ct. at 1547. Therefore, in order to come within the exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

■ The Court specifically stated "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life,* at 64, 107 S.Ct. at 1547. Section 1144 falls precisely into this category. It allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

■ When we look past the complaint before us, the plaintiff's cause of action or basic claim has none of the characteristics of a § 1132(a)(1)(B) action to enforce the ERISA agreement. This action claims that the defendant-employer threatened to discharge the plaintiff because of his age unless he took early retirement. It is a straight state age discrimination case which has no counterpart or superseding cause of action in ERISA. It is an action to set aside and escape from the early retirement agreement, not to recover under it or to "enforce" it or to assert "rights to future benefits under the terms of the plan." In his complaint, plaintiff tendered back amounts heretofore received by him under the early retirement plan. No cause of action created by ERISA may fairly be read to supersede this age discrimination claim, and there is no claim that hostile state courts will somehow subvert enforcement of ERISA in such cases.

The action before us then is governed by the "well-pleaded complaint" rule described by the Supreme Court in *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), decided by the Court a few days after its decision in *Metropolitan Life:*

> [T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. . . . [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

482 U.S. at 398–99, 107 S.Ct. at 2433. *See also Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 25, 103

S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) ("Congress did not intend to pre-empt entirely every state cause of action relating to [ERISA] plans").

■ Removal is allowed in § 1132(a)(1)(B) type cases under *Metropolitan Life* because of the Court's conclusion that Congress intended federal law to occupy the regulated field of pension contract enforcement. State claims for damages or injunctive relief to enforce a pension plan against an employer or trustee are subject to removal. State causes of action not covered by § 1132(a)(1)(B) may still be subject to a pre-emption claim under § 1144(a) (see note 2, *supra*) because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.

■ Removal and preemption are two distinct concepts. "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted"—for example under § 1144(a)—"does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398, 107 S.Ct. at 2432. The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court. Removal jurisdiction based on original federal jurisdiction under § 1441 is therefore not as broad as federal appellate jurisdiction which extends to federal defenses. *See Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816); *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824).

The *Van Camp* case, *supra*, on which the District Court relied in the instant case, allowed removal in a § 1144(a) preemption case not covered by § 1132(a)(1)(B) and then dismissed plaintiff's discrimination claim. The Court in *Van Camp* did not keep complete preemption removal and ordinary preemption doctrine separate and distinct. It mistakenly allowed removal in a case not covered by § 1132(a)(1)(B) and only arguably covered by § 1144(a). It said erroneously that plaintiff's state cause of action arises under federal law for purposes of removal but then dismissed it because federal law grants no superseding or related cause of

action. *Van Camp* failed to distinguish for removal purposes between a section of a federal statute, § 1132(a)(1)(B), designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action (namely, an action to enforce ERISA contracts by beneficiaries) and a statutory section creating ordinary preemption where conflicting state laws are arguably "superseded" without creating the right of removal, as is the case with § 1144(a). Thus the *Van Camp* case must be overruled. Our decision here is in accord with the results reached in a similar case by the Second Circuit. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir.1994) (even if state law claim preempted by ERISA, removal not authorized).

Accordingly, the judgment of the District Court is REVERSED and the case REMANDED for further proceedings as outlined above.