**Sherri AGNIFILI, Plaintiff,**

**v.**

**KFC CORPORATION, Defendant.**

**Civil Action No. C94–237L(H).**

United States District Court,
W.D. Kentucky,
Louisville Division.

April 23, 1996.

Sally Hardin Lambert, Conliffe, Sandmann & Sullivan, Louisville, Kentucky, for Plaintiff.

James D. Moyer, Brooks D. Kubik, Stites & Harbison, Louisville, Kentucky, for Defendant.

### MEMORANDUM OPINION

HEYBURN, District Judge.

This case is before the Court on Defendant's Motion for Reconsideration of the Court's *sua sponte* Order remanding Plaintiff's case to state court. The Court is called upon to determine whether a cause of action framed purely under state law is completely preempted by federal law, thus permitting removal to federal court. After reviewing the parties' legal memoranda, the relevant statutory and case law, and being otherwise sufficiently advised, the Court denies Defendant's motion.

## I.

Plaintiff originally filed this case in state court, setting forth many claims under state law. Defendant removed this action based on Count Three. In Count Three, Plaintiff alleged:

The above described employment has implied in law a covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff in her performance and to refrain from any act that would prevent or impede Plaintiff from performing all of the conditions of employment.

Defendants breached their implied covenant of good faith and fair dealing with regard to the Plaintiff by (a) discriminating and refusing to judge Plaintiff on the basis of her ability and merit; (b) failing to give any consideration to Plaintiff's employment position by Defendants, all with the object of denying Plaintiff the opportunity to continue in employment, and avoiding its obligation to pay Plaintiff's wages and employment benefits.

As a proximate cause of Defendants breach of covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer substantial losses in earning, and other employee benefits that she would have received.

Defendant's removal was based solely on Plaintiff's use of the term "benefits" in Count Three. Because Plaintiff claimed that Defendant's actions were taken to avoid paying her "wages and employment benefits," Defendant removed on the basis that Plaintiff had stated a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

The Court's first opinion was issued *sua sponte*, which is always a dangerous undertaking. The Court has now had an opportunity to review the advice of counsel regarding that order. For more fully developed reasons the Court reaches the same conclusion. The Court appreciates the help of counsel in attempting to understand the agonizingly obtuse legal concepts applied here.

## II.

Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, empowers individuals to bring civil actions to enforce rights and provisions under ERISA itself or those identified under a qualifying employee benefit plan. When Congress enacted ERISA, it vested district courts with *exclusive* jurisdiction of any civil action filed under the statute, except in a few limited circumstances. In any action where an individual files suit pursuant to paragraphs (1)(B) and (7) of subsection (a), jurisdiction lies *concurrently* in both state and federal courts, 29 U.S.C. § 1132(e).[1] Moreover, the legislature also declared that ERISA supersedes all state laws to the extent that they "relate to" any employee benefit plan covered by ERISA, § 514(a) and 29 U.S.C. § 1144(a). In this case, the Court is called upon to discuss the interplay between the principles of jurisdiction and preemption, as set forth in §§ 1132(e) and 1144(a), respectively, and the precept of complete preemption as the Sixth Circuit discussed in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995) (*en banc*).

Generally, a defendant may remove a case to federal court, if the case could have been brought in federal court in the first instance, 28 U.S.C. § 1441. The well-pleaded complaint rule guides the Court's analysis. This rule requires the Court to look at the face of the complaint and ascertain whether Plaintiff articulated a federal cause of action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Federal preemption such as provided under 29 U.S.C. § 1144(a), however, is typically a defense to a plaintiff's claim. Thus, it rarely appears on the face of the

---

1. Section 1132(e) of Title 29 states, in part:

   **(e) Jurisdiction**

   (1) Except for actions under subsection (a)(1)(B) of this section, the districts courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

complaint, and as such does not authorize removal of the claim to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ Nevertheless, a corollary to the well-pleaded complaint rule exists, which converts a *cause of action* based upon state law to one based upon federal law for removal purposes. This corollary, the so-called complete preemption principle, is a creature of case law and finds its genesis in Congressional intent to occupy completely a specific field of the law.[2] The Supreme Court described this principle in reference to § 301 of the Labor Management Relations Act (LMRA). The Court stated:

> The necessary ground of decision [in *Avco* ] was that the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. (Citations omitted).

*Metropolitan,* 481 U.S. at 64, 107 S.Ct. at 1546. [Quoting *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) ]. In deciding whether the principle applied to ERISA claims, the Supreme Court compared the jurisdictional subdivisions of the LMRA and ERISA and found the language almost identical. This fact juxtaposed with the Conference Report on ERISA supported the Court's finding complete preemption with reference to Section 1132(a)(1)(B).[3]

In *Warner v. Ford Motor Co., supra,* the Sixth Circuit defined more clearly those circumstances where federal law preempts a state law claim, when general removal jurisdiction authorizes transfer, and when the principle of complete preemption converts a state cause of action into a federal claim. The court noted that only those claims falling within the civil enforcement mechanism of § 1132(a)(1)(B) are subject to the complete preemption principle and ultimately removed to federal court.

The *Warner* Court emphasized that the concepts of 'preemption' versus 'removal' are not synonymous. " 'The fact that a defendant might ultimately prove that ERISA preempts plaintiff's claims'—for example under [28 U.S.C.] § 1144(a)—'does not establish that the case is removable to federal court.' " 46 F.3d at 535 (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). To guide a court's determination whether a complaint in effect states a federal cause of action, the Sixth Circuit stated:

> [I]n order to come within the [complete preemption] exception a court must conclude that the common law or statutory claim *under state law should be characterized as a superseding ERISA action* "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

*Warner,* 46 F.3d at 534 (emphasis added).

■ The Court now turns to the substance of Plaintiff's complaint to determine whether she has, in fact, set forth a claim that has a counterpart in § 1132(a)(1)(B). Count III claims violation of the implied covenant of good faith and fair dealing. Plaintiff specifically takes issue with the Defendant's alleged

---

**2.** The term "complete preemption" is somewhat confusing because it has little direct relationship to the concept of "preemption" expressed in § 1144(a). Complete preemption is a jurisdictional concept; § 1144 preemption merely determines the body of law relevant to the case.

**3.** The Court noted that "[t]he Conference Report on ERISA describing the civil enforcement provisions of § 502(a) says:

> [W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the

plan which do not involve, application of the Title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. *All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947."* H.R.Conf.Rep. No. 93–1280, p. 327 (1974).

*Metropolitan,* 481 U.S. at 65–66, 107 S.Ct. at 1547.

failure to give the requisite deference to her merit and abilities in considering employment decisions. She further complains Defendant's objective was to deny her employment opportunities, wages and employment benefits. In these allegations the Court can find no superseding ERISA cause of action.

Plaintiff seeks to collect her damages not from any ERISA plan or administrator, but from the corporate defendant itself. Plaintiff seeks damages which are computed in part by reference to an employee benefit plan. However, she does not seek to *enforce* rights, *recover* benefits or *clarify* rights under the authority of the benefit plan. She invokes ERISA benefits merely as a measure of damages. Under these circumstances, such a claim is insufficient to establish an action under § 1132(a)(1)(B).

The Court concludes that it lacks removal jurisdiction over this matter and will enter an order in accordance with this Memorandum Opinion.

### ORDER

This matter having come before the Court and the Court having considered its jurisdiction and having concluded it properly remanded the case to Jefferson Circuit Court,

IT IS HEREBY ORDERED that this action shall be REMANDED to Jefferson Circuit Court in its entirety.