103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan L. READE, Plaintiff-Appellant,
v.
UNISYS CORPORATION, Defendant-Appellee.
 No. 95-2385.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Alan L. Reade, a Michigan resident, appeals pro se a district court judgment in favor of the defendant in a breach of contract action removed from state court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reade filed this action against the successor to his former employer, seeking monetary damages. He alleged that the defendant had breached a contract entered into between Reade and his former employer in 1978 in settlement of an age discrimination action. The settlement agreement provided, among other terms, that Reade would be treated as having retired and be entitled to pension benefits and guaranteed coverage under the group health insurance plan for retirees. Fifteen years later, the defendant began requiring that retirees pay premiums to maintain their health insurance coverage. Believing that this requirement violated the settlement agreement, Reade filed this action in state court. The defendant removed the action to the district court, arguing that it was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Reade's motion to remand the case was denied. The district court then heard argument on whether the terms of the settlement agreement were ambiguous. Finding that the agreement was not ambiguous and did not support Reade's claim of a breach, the district court entered judgment for the defendant. On appeal, Reade argues that the district court erred in denying his motion to remand the case to the state court and in finding that the contract was unambiguous and did not support his claim of a breach.
 
 
 4
 Upon review, we conclude that the district court properly denied Reade's motion to remand this action to state court. Reade is a beneficiary of an ERISA plan and was seeking by this action to enforce or clarify his rights or recover health insurance benefits at no cost to himself, based on his interpretation of his settlement agreement. As such, the claim falls within the ERISA civil enforcement provision in 29 U.S.C. § 1132 and was subject to removal. See Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir.1995) (en banc).
 
 
 5
 This court reviews a district court's conclusions regarding ambiguity of a contract de novo. See Schachner v. Blue Cross and Blue Shield of Ohio, 77 F.3d 889, 893 (6th Cir.1996). A contract is ambiguous if, on its face, it is subject to two reasonable interpretations; otherwise, the court cannot consider extrinsic evidence of the parties' intent. Id. Review of the contract language here shows that Reade was guaranteed pension benefits, health insurance coverage, and any other benefits for which a similar retiree might become eligible. Reade's argument that the contract froze his health insurance coverage as of the date of signing is not reasonably supported by the contract language. The parties agree that the defendant reserved the right under the group insurance plan to change or cancel the plan. If Reade wished to guarantee health coverage at no cost to himself he should have included such language in the contract. Because the contract is not ambiguous, his testimony as to his intent cannot be considered.
 
 
 6
 For the above reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation