**GREATER LANSING AMBULATORY SURGERY CENTER CO., L.L.C., et al., Plaintiffs,**

**v.**

**BLUE CROSS & BLUE SHIELD OF MICHIGAN, Defendant.**

No. 96–73989.

United States District Court, E.D. Michigan, Southern Division.

Jan. 6, 1997.

Linda Maliszewski, Lansing, MI, for Plaintiffs.

Linda DeMoss, Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

EDMUNDS, District Judge.

Plaintiff Greater Lansing Ambulatory Surgery Center Co., L.L.C. (GLASCCO) and other plaintiff physicians commenced this action against Defendant Blue Cross & Blue Shield of Michigan ("Blue Cross") in the Wayne County Circuit Court on August 5, 1996. Blue Cross timely removed this case to the United States District Court for the Eastern District of Michigan on August 26, 1996. On September 26, 1996, Plaintiffs filed a motion for remand.[1] Defen-

---

1. Plaintiffs attached a proposed first amended complaint to their motion for remand. The amended complaint withdraws Counts II and III of the original complaint, which involve claims for violations of due process rights, equal protection rights, and the Sherman Act. Because Blue Cross has answered the original complaint, Plaintiffs may only amend with leave of this court or consent of the Defendant. Fed.R.Civ. Pro. 15(a).

Defendant has not consented to allow the plaintiffs to file an amended complaint. Further, Plaintiffs have presented no formal motion or request to this court for leave to amend. As a result, Defendant argued at oral arguments that this court is obligated to ignore the amended complaint and consider the original complaint for purposes of analyzing the motion to remand. This court disagrees. Had a formal motion been presented, this court would have granted Plaintiffs permission to amend their complaint. Leave to amend shall be freely granted when justice so requires. Fed.R.Civ.Pro. 15(a). A mo-

tion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Sixth Circuit follows *Foman*. *Marx v. Centran*, 747 F.2d 1536, 1551 (6th Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). It does not appear that the plaintiffs acted in bad faith or for a dilatory purpose. Amendment would not result in undue delay or prejudice. As a result, this court grants plaintiffs leave to amend their complaint.

Therefore, for purposes of this motion, this court will consider only the counts in the first amended complaint. Although Defendant addressed other issues from the original complaint in its response to the motion to remand, this court's actions do not prejudice the Defendant. Blue Cross received a copy of the amended complaint along with Plaintiffs' motion to remand. The amended complaint removes certain counts

dant filed a response on September 17, 1996. Oral arguments were heard December 18, 1996. For the reasons set forth below, Plaintiffs' motion to remand to state court is granted and the case is remanded to Wayne County Circuit Court.

## I. Facts

GLASCCO is a freestanding ambulatory surgical center organized to provide outpatient surgical procedures for Ingham County area residents. GLASCCO, in conjunction with several associated physicians, filed this lawsuit against Blue Cross. Blue Cross found that GLASCCO was not entitled to participate as a provider in Blue Cross plans. To this date, Blue Cross has not accepted GLASCCO as a provider under its plans and refuses to reimburse subscribers for facility fees associated with procedures performed at GLASCCO.

The plaintiffs filed this lawsuit in Wayne County Circuit Court, claiming that Blue Cross's actions violated various Opinions of the Attorney General and provisions of the Nonprofit Health Care Corporation Reform Act, 1980 Mich.Pub.Acts No. 350 (codified as amended at Mich.Comp.Laws Ann. §§ 550.1101—550.1704 (West 1993)). Plaintiffs seek declaratory and injunctive relief requiring Blue Cross to recognize GLASCCO and other ambulatory care facilities as licensed providers. Following removal to this court, Plaintiffs filed the pending motion to remand.

## II. Standard for Motion to Remand

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). In its notice of removal, Blue Cross asserts that the Plaintiffs are bringing an action under ERISA's civil enforcement

provision, 29 U.S.C. § 1132. Further, Blue Cross argues that this action seeks to recover rights granted by the terms of a collective bargaining agreement, a federal question under Section 301 of the Labor–Management Relations Act of 1947, 29 U.S.C. § 185.[2]

■ The removing party bears the burden of establishing that removal was proper. *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 339 (6th Cir.1989). The removal statute is to be construed strictly and narrowly against removal. *Id.* Thus, if doubt exists as to the propriety of removal, the case is to be remanded back to state court. *Union Planters National Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977). Under the "well pleaded complaint" rule, federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987).

## III. Analysis

### A. ERISA Claim

ERISA completely preempts all state actions that attempt to recover benefits due under the terms of an employee welfare benefit plan. Under this "complete preemption doctrine," federal courts have found that "[C]ongress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir.1995) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987)). Claims which fall under ERISA's civil enforcement provision in § 1132 are necessarily federal in character.

However, *Warner* also held that where a case only involves a defensive claim that ERISA § 1144 preempts the plaintiff's claim,

---

from the complaint, but adds nothing new. Thus, Defendant was given a full opportunity to argue its position and its ERISA and LMRA arguments are still relevant. Moreover, at oral argument, this court offered Defendant the option of adjourning the hearing to a later date so it could brief and argue its position with respect to the amended complaint. Defendant declined to do so.

**2.** Defendant also asserts that this court has federal question jurisdiction due to Counts involving the Sherman Act, due process, and equal protection. Because the plaintiffs have amended their complaint and removed those counts, Defendant's arguments regarding them is irrelevant.

·removal is improper. "Thus, § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144." *Warner*, 46 F.3d at 534.

■■■ On its face, the Plaintiffs' first amended complaint does not contain an ERISA claim. The plaintiffs are not one of the categories of individuals allowed to bring a claim under ERISA § 1132, which provides:

(a) Persons empowered to bring a civil action

A civil action may be brought—

(1) by a participant or beneficiary ...;

(2) by the Secretary, or by a participant, beneficiary, or fiduciary ...;

(3) by a participant, beneficiary, or fiduciary ...;

(4) by the Secretary, or by a participant, or beneficiary ...;

(5) ... by the Secretary ...;

(6) by the Secretary....

ERISA allows suits by plan participants, plan beneficiaries, plan fiduciaries, or the Secretary of Labor. A "participant" is an employee or former employee entitled to receive benefits from an employee benefit plan. 29 U.S.C. § 1002(7). "Beneficiary" means a person designated by the participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit. 29 U.S.C. § 1002(8). A "fiduciary" is person who exercises discretionary authority over the administration of a plan. 29 U.S.C. § 1002(21). The plaintiffs do not fit into any of those categories. As such, it is impossible for them to bring an ERISA § 1132 cause of action.

This finding is consistent with the Sixth Circuit's recent holding in *Zuniga v. Blue Cross & Blue Shield*, 52 F.3d 1395 (6th Cir. 1995). *Zuniga* involved facts similar to the present case. The plaintiff was a psychiatrist who sued Blue Cross, claiming that it wrongfully excluded him as a provider. The court noted that Zuniga's claim did not arise under ERISA. "Therefore, were this simply a case involving state claims not covered by Section 1132(a)(1)(B), its removal would be improper under *Warner*. This appears to be the situation here because Zuniga is neither a plan participant nor a beneficiary." *Id.* at 1399. As in *Zuniga*, the plaintiffs in the present matter are not plan participants or beneficiaries, and the case involves state claims not covered by Section 1132(a)(1)(B). The *Zuniga* court went on to hold that removal was proper in because the plaintiff claimed a violation of his due process rights, a federal question. *Id.* However, in the amended complaint in the present case, there is no federal due process claim. Nor is there any other federal question.

■■ While it is true that Plaintiffs ultimately seek to be included as a provider in Defendant's ERISA plans, and as such they would likely be entitled to benefits from an ERISA plan, this is not the crucial issue in this case. As previously noted, plaintiffs have no standing to sue Blue Cross under ERISA because they are not one of the persons empowered to bring an ERISA action. Plaintiff's complaint alleges numerous violations of Michigan state laws regulating Blue Cross as a nonprofit health care corporation. Whether or not those laws are preempted is irrelevant in deciding this motion to remand. *Warner*. However, it is clear from ERISA's civil enforcement provision that Plaintiffs do not have an ERISA claim. Therefore, this court holds that no federal question exists under ERISA § 1132.

**B. LMRA Claim**

■■ Defendant also asserts that this case involves a federal question under Section 301 of the Labor–Management Relations (Taft–Hartley) Act of 1947, 29 U.S.C. § 185. Specifically, Blue Cross alleges that Plaintiffs are seeking to interfere with General Motors's collective bargaining agreement by establishing themselves as providers authorized to provide health care benefits. Defendant cites no legal authority to support this argument.

■■ Just as GLASCCO was not a proper party to bring an ERISA cause of action, they are also not a proper party to bring an LMRA cause of action. Section 301 was created to make collective bargaining agree-

ments binding on unions and employers equally. *United Food & Commercial Workers v. Mulder,* 31 F.3d 365, 370 (6th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1095, 130 L.Ed.2d 1064 (1995). As such, only those parties with an interest in the collective bargaining agreement have standing to bring suit under § 301. *See Service, Hospital, Nursing Home & Public Employees Union v. Commercial Property Services, Inc.,* 755 F.2d 499, 506 (6th Cir.) ("We therefore hold that a district court does not have subject matter jurisdiction over a non-signatory to a collective bargaining agreement, where no rights or duties of the non-signatory party are stated in the terms and conditions of the contract."), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985); *Mulder,* 31 F.3d at 370 ("§ 301 contemplates suits between unions and employers for breaches of collective bargaining agreements....") This case does not involve the enforcement of a collective bargaining agreement or § 301 of the Labor–Management Relations Act. Defendant's argument on this issue lacks merit.

## IV. Conclusion

For the reasons stated above, this court finds that there is no federal question involved in this case. As such, this court lacks subject matter jurisdiction. It is hereby ordered that Plaintiffs' motion to remand to state court is GRANTED, and the case is remanded to Wayne County Circuit Court.

SO ORDERED.