Michael **ERBAUGH**, Plaintiff,

v.

**ANTHEM BLUE CROSS AND BLUE SHIELD, et al., Defendants.**

No. C–3–99–443.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 30, 2000.

Jean M. Steigerwald, Dayton, OH, for plaintiff.

Jeanette Hargreaves, Gary M. Glass, Kimberly E. Eliot, Thompson Hine & Flory, Cincinnati, OH, John A. Wannemacher, Troy, OH, for defendants.

Donald Riddle, pro se.

Craig Herl, pro se.

Mark May, pro se.

DECISION AND ENTRY OVERRULING, AS MOOT, MOTION TO DISMISS (DOC. # 2) FILED BY DEFENDANT ANTHEM BLUE CROSS AND BLUE SHIELD; EMERGENCY MOTION FOR ORDER TO CEASE AND DESIST ENGAGING IN UNAUTHORIZED PRACTICE OF LAW AND FOR SANCTIONS (DOC. # 23) FILED BY DEFENDANT MARK MAY OVERRULED; EMERGENCY MOTION FOR ORDER TO CEASE AND DESIST ENGAGING IN UNAUTHORIZED PRACTICE OF LAW AND FOR SANCTIONS (DOC. # 24) FILED BY DEFENDANT CRAIG HERL OVERRULED

RICE, Chief Judge.

This litigation stems from Plaintiff Michael Erbaugh's attempt to recover benefits under a health insurance policy obtained by his former employer, Defendant USA Financial Network, Inc. ("USA Financial"), from Defendant Anthem Blue Cross and Blue Shield ("Anthem"). The other parties to this action are Defendant Craig Herl, an owner of USA Financial, Defendant Mark May, an agent or apparent agent of USA Financial, Defendant USA Financial Companies Receivership ("USA Receivership"), and Defendant Donald Riddle, the receiver for the USA Receivership. Pending before the Court are three Motions: (1) a Rule 12(b)(6) Motion to Dismiss (Doc. # 2) filed by Anthem; (2) an Emergency Motion for Order to Cease and Desist Engaging in Unauthorized Practice of Law and for Sanctions (Doc. # 23) filed by Defendant Mark May; and (3) an Emergency Motion for Order to Cease and Desist Engaging in Unauthorized Practice of Law and for Sanctions (Doc. # 24) filed by Defendant Craig Herl.

I. *Factual Background* [1]

Plaintiff Michael Erbaugh is a former employee of USA Financial. While so employed, Erbaugh was enrolled in a health insurance program under an insurance contract provided by Anthem. On or about September 10, 1998, Defendant Craig Herl and USA Financial, with the knowledge of Defendant Mark May, stopped paying Erbaugh's Anthem insurance premiums, despite the fact that payroll deductions were made to cover the expense. Thereafter, USA Financial went into receivership, and Erbaugh's employment was reduced to part-time. At that time, Erbaugh entered into an agreement with USA Financial and May, and he continued making premium payments directly to USA Financial. On February 26, 1999, Erbaugh's employment with USA Financial terminated, and he elected continuation coverage under COBRA. As a result, he continued making premium payments to USA Financial and the USA Receivership through May, 1999. Erbaugh allegedly received repeated assurances from Anthem, USA Financial, the USA Receivership and Defendant Donald Riddle that his insurance coverage was in full force and effect. As a result, he underwent two costly medical procedures which required hospitalization. Thereafter, he was informed that his Anthem insurance coverage had been canceled, effective September 10, 1998, for non-payment of premiums. As a result of that cancellation, Anthem has refused to pay Erbaugh's medical bills.

Erbaugh commenced the present litigation in state court on August 10, 1999, against Anthem, the USA Receivership, USA Financial, Riddle, Herl and May. (Complaint, attached to Notice of Removal, Doc. # 1 at Exh. 1). Erbaugh's state-court complaint contained five counts. In Count 1, Erbaugh alleged breach of contract by Anthem, based upon its failure to approve and to process payment for his medical expenses. In Count 2, he alleged

---

1. For purposes of its analysis herein, the Court will rely upon the factual allegations contained in the Plaintiff's second amended Complaint (Doc. # 29).

negligent misrepresentation by Anthem, based upon its misrepresentation that he remained covered under his insurance policy. In Count 3, he alleged the bad faith denial of benefits by Anthem, based upon its failure to pay his medical claims. In Count 4, Erbaugh alleged negligence by Riddle and the USA Receivership. In Count 5, he alleged negligence, breach of contract and conversion by USA Financial, Herl and May.

On September 9, 1999, Anthem removed the action to this Court on the basis of federal-question jurisdiction. (Notice of Removal, Doc. # 1). Although Erbaugh's Complaint appeared to contain only state-law claims, Anthem alleged in support of removal that Counts 1, 2 and 3 actually arose under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). In other words, Anthem argued that Erbaugh's three claims against it were federal claims from their inception, despite the fact that he had pled them as state-law claims. *See Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995) (discussing the "complete preemption" doctrine and recognizing that a purported state-law claim seeking to recover ERISA plan benefits actually arises under federal law and, therefore, is removable pursuant to 28 U.S.C. § 1441).

Only five days after removing this action on the basis that Erbaugh's purported state-law claims were, in reality, *federal* claims arising under ERISA from their inception, Anthem filed a Rule 12(b)(6) Motion to Dismiss, in which it argued that Erbaugh's Complaint actually contained *state* claims that were pre-empted by 29 U.S.C. § 1144(a). In response, Erbaugh filed an amended Complaint, pleading claims both directly under ERISA and under state law. (Doc. # 9). Thereafter, Erbaugh filed a second amended Complaint (Doc. # 29), once again pleading claims directly under ERISA and under state law.

## II. *Analysis of Anthem's Motion to Dismiss (Doc. # 2)*

Anthem's Rule 12(b)(6) Motion to Dismiss is directed toward Erbaugh's original Complaint (Doc. # 1 at Exh. 1). In support of its Motion, Anthem first notes that it removed this action because Counts 1, 2 and 3 of the original Complaint "are governed by ERISA and involve federal questions." (Doc. # 2 at 2). In other words, as set forth above, Anthem contends that the foregoing Counts were federal-law claims from their inception, despite the fact that Erbaugh pled them as state-law claims. Therefore, Anthem removed the Complaint, pursuant to 28 U.S.C. § 1441, which provides this Court with removal jurisdiction over claims arising under federal law. On the same page of its Memorandum, however, Anthem curiously asserts that Counts 1, 2 and 3 are "based solely on state law" and, therefore, that they should be dismissed, pursuant to 29 U.S.C. § 1144(a), which allows ERISA to preempt state law when it "relates to" matters governed by ERISA, but which *does not* create a federal cause of action. *Warner*, 46 F.3d at 534. In light of § 1144(a), Anthem argues that Erbaugh's "state-law" claims should be dismissed and final judgment should be entered in its favor.

Anthem cannot have it both ways. If Erbaugh's Complaint truly contains federal-law claims *arising under* ERISA (and providing a basis for removal under 28 U.S.C. § 1441), then it would be inappropriate for the Court to construe those federal-law claims as state-law claims and to dismiss them as *preempted by* ERISA. On the other hand, if Erbaugh's Complaint actually does contain nothing more than state-law claims, as Anthem now suggests, then such claims may well be preempted by ERISA under 29 U.S.C. § 1144(a). If those claims are *all* state-law claims, however, then this action was improperly removed, as no basis for federal question jurisdiction exists. *Warner*, 46 F.3d at 534 (recognizing that no removal jurisdiction

exists under § 1144).[2]

As this Court recently explained in *B–T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 101 F.Supp.2d 930, 932 n. 3 (S.D.Ohio 2000) (Rice, J.):

> ... [I]f the Plaintiffs' state-law claims are "completely preempted" by ERISA, then regardless of the language employed in the Complaint, those claims must be construed as setting forth claims for ERISA plan benefits under 29 U.S.C. § 1132(a)(1)(B).... The Sixth Circuit has recognized that "in order to come within the [complete preemption] exception [for removal,] a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action...." *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir.1995). As a result, the Defendants would be entitled to summary judgment on the Plaintiffs' state-law claims, *as pled.* It would defy logic, however, for the Court to allow removal on the basis that the Plaintiffs' Complaint contains federal causes of action, *arising under* ERISA from their inception, and then to grant summary judgment and enter final judgment against the Plaintiffs, because their claims are *preempted by* ERISA. Rather, the prevailing practice is to grant a party whose state-law claims have been removed on the basis of complete preemption leave to file an amended complaint, recasting those claims (which, despite their state-law language, *are* federal claims) in the language of ERISA. *See, e.g., Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 411 (6th Cir.1998) (following removal of state-court action on the basis of complete preemption of state common law claims,

plaintiff filed amended complaint, asserting several causes of action directly under ERISA); *Whitt v. Sherman International Corp.*, 147 F.3d 1325, 1328 (11th Cir.1998) (following removal on the basis of complete preemption and dismissal of state-law claims, district court allowed plaintiff to file an amended complaint, setting forth a claim under ERISA); *Shea v. Esensten*, 107 F.3d 625, 627 (8th Cir.1997) (after removal of her state-court wrongful death action on the basis of complete preemption, plaintiff filed an amended complaint, converting the claim into one for breach of fiduciary duty under ERISA); *Degnan v. Publicker Industries, Inc.*, 83 F.3d 27, 30 (1st Cir.1996) (concluding that dismissal of preempted state-law claims is appropriate following removal, but also recognizing that parties may seek leave to file an amended complaint, framing preempted claims in terms of ERISA).

Given that Erbaugh has filed a second amended Complaint (Doc. # 29), including claims brought directly under ERISA (after the filing of Anthem's Motion to Dismiss), the Court need not determine which of the claims alleged in the original Complaint (Doc. # 1 at Exh. 1) are federal-law claims "arising under" ERISA and which are potentially preempted state-law claims. For purposes of its analysis herein, the Court notes only that it will not enter final judgment in favor of Anthem on any claim which "arises under" ERISA (and provides a basis for removal under 28 U.S.C. § 1441). As set forth above, such a claim is, by its very nature, a federal claim, and it will not be dismissed as a preempted

---

**2.** If, as Anthem now suggests, all of the Plaintiff's claims are preempted state-law claims, then the proper response for the Court is not to enter judgment in favor of Anthem, but to remand this action for lack of subject matter jurisdiction. As set forth above, 29 U.S.C. § 1144 preempts state-law claims, but it provides no basis for removal jurisdiction. *Warner*, 46 F.3d at 534. On the other hand, if the

Plaintiff's claims were properly removed under 28 U.S.C. § 1441, then at least one of them is necessarily a federal-law claim arising under ERISA. As set forth more fully above, it would defy logic for the court to dismiss any such federal claim on the basis that it is a "preempted" state-law claim under 29 U.S.C. § 1144.

 

"state-law" claim, pursuant to 29 U.S.C. § 1144.

Based upon the reasoning and citation of authority set forth above, Anthem's Motion to Dismiss (Doc. # 2) is hereby overruled, as moot, given that Erbaugh has filed a second amended Complaint (Doc. # 29), adding new causes of action. Anthem may file a renewed Motion to Dismiss, directed toward the allegations contained in Erbaugh's second amended Complaint (Doc. # 29), bearing in mind the reasoning set forth above.

### III. Analysis of Emergency Motions for Order to Cease and Desist Engaging in Unauthorized Practice of Law and for Sanctions (Doc. # 23, 24)

Also pending before the Court are two Motions filed by Defendants May and Herl (Doc. # 23, 24). In these identical Motions, May and Herl seek an Order directing co-Defendant Donald Riddle, who is not an attorney, to stop engaging in the unauthorized practice of law. May and Herl also ask the Court to impose sanctions upon Riddle, the receiver for the USA Receivership, for having done so. In support of their Motions, May and Herl note that on January 25, 2000, Riddle prepared, signed and filed an Answer on behalf of the USA Receivership (Doc. # 22).

Upon review, the Court hereby overrules the two Emergency Motions for an Order to Cease and Desist Engaging in the Unauthorized Practice of Law and for Sanctions (Doc. # 23, 24). On August 11, 2000, attorney John A. Wannemacher entered an appearance on behalf of Riddle, in his individual capacity and in his capacity as the receiver for the USA Receivership. (Doc. # 36). In light of Wannemacher's appearance in this litigation, the Court discerns no need to enter the Order requested by May and Herl. Finally, the Court declines to sanction Riddle for his one-time filing of an Answer on behalf of the USA Receivership. Accordingly, the Motions filed by Defendants May and Herl (Doc. # 23, 24) are hereby overruled.