Douglas V. SWITZER, Plaintiff,

v.

HAYES WHEELS INTERNATIONAL, INC., Motor Wheel Corporation, Ron Cucuz, Ronald L. Kolakowski, Defendants.

Civil No. 96–75608.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 11, 1997.

---

Donald J. Gasiorek, Gary E. Abeska, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, MI, for Plaintiff.

Stephen E. Glazek, Claudia D. Orr, Barns, Sott, Denn & Driker, PLLC, Detroit, MI for Defendants.

## *MEMORANDUM OPINION AND ORDER*

GILMORE, District Judge.

### I.

Plaintiff Douglas Switzer ("Plaintiff") filed his complaint in Wayne County Circuit Court on November 12, 1996 alleging (1) breach of contract-failure to reinstate, (2) breach of contract-severance benefits, (3) breach of contract-resignation rights, (4) breach of contract-employee benefits, (5) age discrimination under the Michigan Elliott–Larsen Civil Rights Act, and (6) detrimental reliance/promissory estoppel.

On December 12, 1996, Defendants Hayes Wheels International, Inc., Motor Wheel Corporation, Ron Cucuz and Ronald Kolakowski ("Defendants") filed a removal petition claiming that some of Plaintiff's claims implicated his rights under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, and that the case was therefore removable.

Plaintiff responded by filing the instant motion to remand, claiming that the case does not implicate ERISA and involves only state claims. Defendants responded, and the Court heard argument on April 10, 1997. Based on the following, the Court denies Plaintiff's Motion to Remand.

### II.

Plaintiff asserts that there is no basis for removal in this action because the complaint is based entirely on state law, and ERISA is not implicated in any way. While Plaintiff seeks damages which include reduction of certain benefits of employment, he argues that this is not an action against an ERISA plan to recover ERISA benefits. Rather, Plaintiff seeks recovery of consequential damages flowing from a wrongful discharge violation of various employment contracts. More specifically, Plaintiff contends that determination of the extent that any damages may include loss of past and future benefits is a jury matter and is not governed by ERISA.

Plaintiff further argues that the well-pleaded complaint rule governs this case. Given that the complaint names only state causes of action, the court does not have subject matter jurisdiction, and the case should be remanded. Plaintiff relies on *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995), in support of this argument.

Additionally, Plaintiff points to caselaw which holds that ERISA does not preempt state laws of general application which only indirectly affect benefit plans. In this case, Plaintiff's claims do not have relationships among the principal ERISA entities: the plan, the plan fiduciary and the beneficiaries. Rather, Plaintiff's claims involve only Defendants in their capacity as employers and Plaintiff in his capacity as an employee. The conduct challenged by Plaintiff is not part of the administration of an employee benefit plan; the challenged conduct is Defendants' decision to terminate Plaintiff's employment. Thus, there is no federal issue to be resolved, either explicitly or implicitly. As a result, Plaintiff requests that his motion be granted.

In response, Defendants point out that Counts II and IV allege that Plaintiff was denied ERISA benefits to which he was entitled during his employment or to which he recently became eligible to receive. Defendants argue that the caselaw is unanimous that such claims are within Section 502(a) of ERISA, the exclusive jurisdiction of the federal courts, and are therefore removable.

Specifically, in Count II, Plaintiff claims that he has been denied severance pay and that he is currently being denied his right to eighteen months of continued health care and other employment benefits pursuant to the terms of his agreement with Defendant Motor Wheel and the applicable ERISA welfare plans. In Count IV, Plaintiff claims that while he was employed by Alumitech he was denied comparable benefits to employees at Defendant Motor Wheel, from which he was on leave, including health care and other insurance under the applicable ERISA welfare plans and pursuant to the parties' agreements. While Counts I, III and V are state claims, Defendants assert that Counts II and IV are not; thus, Counts II and IV provide a basis for removal, and Plaintiff's motion should be denied as a result.

Defendants then point to the caselaw which holds that ERISA preemption is sweeping given the "relate to" language in the statute:

[ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a).

Defendants further argue that claims which implicate Section 502(a) of ERISA are always grounds for removal. Because Counts II and IV seek to recover benefits that are and were due to him and to enforce and otherwise clarify his rights to past and future benefits, his claims fall squarely within Section 502(a). While Plaintiff claims to be enforcing his contractual rights, those rights and benefits are determined by the terms of the ERISA plans.

Finally, Defendants argue that Plaintiff's claims would require a court to determine and rule on several issues that would clearly implicate the ERISA plans at issue, including Plaintiff's rights, benefits and eligibility under the plans. Accordingly, Defendants contend that federal law requires preemption, and removal was proper.

## III.

■ A defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim alleging a federal question. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal question must appear on the face of a plaintiff's complaint for a federal court to have jurisdiction. *Id.*

■ *Caterpillar v. Williams* clearly set out the basic law regarding removal, affirming "the century-old jurisdictional framework governing removal of federal question cases from state to federal courts." *Id.* at 391–92, 107 S.Ct. at 2429. Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question is required. *Id.* at 392, 107 S.Ct. at 2429–30.

Whether or not federal question jurisdiction exists is dependent on the well-pleaded complaint rule. The well-pleaded complaint rule provides that a federal question must be presented on the face of a plaintiff's properly pleaded complaint for federal question jurisdiction to exist. The rule also ensures that the plaintiff is the "master of the claim" and that the plaintiff can avoid federal jurisdiction by relying on state law. *Id.*

■ However, there is an exception to the well-pleaded complaint rule, which is set forth in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). *Metropolitan Life* recognized that removal is appropriate on the basis of federal question jurisdiction where the federal law at issue has entirely preempted the field. *Id.* at 63–64, 107 S.Ct. at 1546–47. The complete preemption doctrine is limited in application and is found only when "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Her Majesty the Queen, supra,* at 342 *quoting Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430 and *Metropolitan Life Ins. Co., supra.*

The preemption doctrine is applicable only when there is a "clearly manifested" intent by Congress to so occupy the field that federal jurisdiction over the matter is to be exclusive such that any claim purportedly based on that preempted state law is considered from its inception to be a federal claim

arising under federal law. *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (removal based on federal question jurisdiction proper because Section 301 of the LMRA preempts and displaces Plaintiff's state law claims arising out of collective bargaining agreement); *Miller v. Norfolk & Western Railway Co.,* 834 F.2d 556, 564 (6th Cir.1987); *Her Majesty the Queen, supra,* at 342–3. This has come to be known as the *Avco* exception to the well-pleaded complaint doctrine.

As a result, "complete preemption" as a basis for removal has been applied almost exclusively to cases raising claims preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001. *See Avco, supra; Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). ERISA explicitly evidences Congressional intent that the federal remedy displace state common law. *See Her Majesty the Queen* and *Miller, supra.*

This general rule has been clarified recently by the Sixth Circuit with respect to Sections 1132 and 1144 of ERISA. In *Warner v. Ford Motor Co.,* the court held that:

> § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

*Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995). However, Defendants did not assert jurisdiction under § 1144. Rather, Defendants assert that Counts II and IV of the complaint arise under § 1132(a), or, as commonly referred to, Section 502(a). Therefore, removal is proper under *Metropolitan Life Ins., Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) and *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995).

Section 502(a) of ERISA provides, as follows:

> A civil action may be brought —

> (1) by a participant or beneficiary —

> \*      \*      \*      \*      \*      \*

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a). In essence, Plaintiff has characterized Counts II and IV as state claims when they are really Section 502(a) claims.

The Supreme Court held in *Metropolitan Life Ins. Co. v. Taylor, supra,* that common law causes of action filed in state courts which implicate ERISA but are "recharacterized" to displace Section 502(a) claims are removable. The Court recognized that the parties did not dispute that plaintiff's complaint purported to raise only state claims and posed the question of whether claims necessarily federal in character are preempted by ERISA. The Court held that the

> suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress [that ERISA preempt state causes of action connected or referring to benefit plans]. It, therefore, "arise[s] under the ... laws ... of the United States, 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)."

*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. at 67, 107 S.Ct. at 1548.

Counts II and IV clearly implicate ERISA benefits and are, in essence, § 502 claims. Moreover, in order to award amounts under any of Plaintiff's claims, this court will be required to interpret the various ERISA plans under which Plaintiff is, or was, a participant. As Defendants pointed out, Plaintiff's claims would require this court to determine and rule on the following: (1) the exact benefits-provided to Plaintiff now and in the past by each ERISA plan; (2) whether Plaintiff, during his employment, received the benefits to which he was entitled under the various ERISA plans; (3) whether Plaintiff became eligible to receive any other

ERISA benefits when his agreement expired, and if so, under which plans and in what amounts; (4) whether the benefits offered by the various ERISA plans are/were comparable; (5) if the benefits were not comparable, whether Plaintiff is entitled to additional amounts and, if so, in what amount and pursuant to which plan; (6) if Plaintiff is entitled to additional amounts while on leave from Defendant Motor Wheel, whether he was a qualified participant such that he should have received benefits from Defendant Motor Wheel; (7) if Plaintiff was not eligible under Defendant Motor Wheel's plan, whether the Alumitech plans should have been written to provide additional benefits; (8) if Plaintiff had been eligible for additional amounts, whether one of the plans or the employer now should be responsible; and (9) if one of Plaintiff's former employer's is liable, whether it is liable in its capacity as an employer or as an administrator of the plan. All of the rulings on these and similar issues relate to ERISA plans, rights, benefits, eligibility and administration.

■ Finally, with respect to Plaintiff's claim that he sued his employer as an employee and did not sue any ERISA principal, and, therefore, he has asserted only state claims, a Fifth Circuit case is on point. In *Epps v. NCNB Texas,* 7 F.3d 44 (5th Cir. 1993), the plaintiff filed suit against his employer alleging that he had been denied pension and retirement benefits that were promised to him by his former employer pursuant to a letter agreement between the parties.

The Fifth Circuit held that the common law claims asserted against plaintiff's former employer were preempted by ERISA because "the letter agreement does not specify the amount or other terms of Epps' retirement benefits, and the court would have to refer to the NCNB Retirement Plan to determine Epps' retirement benefits and calculate the damages claimed." *Id.* at 45. Similarly, Plaintiff asserts two breach of contract claims, determination of which involves referring to ERISA health and welfare plans. Similarly, this Court finds Counts II and IV preempted and denies Plaintiff's motion to remand. *See also Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1985) (common law claims against the employer, rather than against the plan itself, may be preempted).

As a final matter, the Court exercises supplemental jurisdiction over Counts I, III and V pursuant to 28 U.S.C. § 1367(a).

**IV.**

Based on the foregoing, the court hereby **DENIES PLAINTIFF'S MOTION TO REMAND** because Defendants properly removed this case based on Section 502(a) of ERISA.

**IT IS SO ORDERED.**