Anthony RUTLEDGE, an individual on his own behalf and beneficiaries of the Hotel Union and Hotel Industry of Hawaii Pension Trust; AFL Hotel and Restaurant Workers' Health and Welfare Fund, Plaintiffs–Appellees,

v.

SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, a California Law Partnership; Mitchell Whitehead, an individual, Defendants–Appellants.

No. 98–15298.

United States Court of Appeals,
Ninth Circuit.

April 5, 2000.

Brian T. Ashe, Seyfarth, Shaw, Fairweather & Geraldson, San Francisco, California; George E. Preonas and Steven B. Katz, Seyfarth, Shaw, Fairweather & Geraldson, Los Angeles, California, for the defendants-appellants.

Samuel Kornhauser, Law Offices of Samuel Kornhauser, San Francisco, California, for the plaintiffs-appellees.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and BYRNE,[1] District Judge.

## ORDER

The Opinion filed January 12, 2000, slip op. 403 [201 F.3d 1212], is amended as follows:

1. At slip op. 425 [201 F.3d at 1222], in the final sentence of the first full paragraph, change

> Because the allegation at issue in the state law claims—that Seyfarth charged legal fees to the Plans in excess of an amount agreed upon by the parties—is precisely the sort of prohibited transaction governed by

ERISA, we hold in accord with *Concha* that the claims are preempted.

to

> In evaluating the underlying remand order for the purpose of reviewing the district court's grant of attorneys' fees, we conclude that the allegation at issue in the state law claims—that Seyfarth charged legal fees to the Plans in excess of an amount agreed upon by the parties— is the sort of prohibited transaction governed by ERISA. Accordingly, the district court erred in finding that the claims were not preempted. *See Concha,* 62 F.3d at 1504.

2. At slip op. 408 [201 F.3d at 1214], in the first sentence of the first paragraph, delete the comma after "Fairweather"

3. At slip op. 408 [201 F.3d at 1214], in the first sentence of the second paragraph, change " & " to "and"

4. At slip op. 416 [201 F.3d at 1218], in the sentence crossing over from the previous page, change

> "[1] where state law claims fall outside"

to

> "where state law claims [1] fall outside"

With these amendments, the panel has voted unanimously to deny the petition for rehearing. Judge O'Scannlain and Judge Wardlaw have voted to reject the suggestion for rehearing en banc and Judge Byrne so recommends.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

1. The Honorable Wm. Matthew Byrne, Jr., Senior United States District Judge for the Central District of California, sitting by designation.