208 F.3d 1170 (9th Cir. 2000)
ANTHONY RUTLEDGE, an individual an his own behalf and beneficiaries of the Hotel Unionand Hotel Industry of Hawaii Pension Trust; AFL HOTEL AND RESTAURANT WORKERS' HEALTH AND WELFARE FUND, Plaintiffs-Appellees,v.SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, a California Law Partnership; MITCHELL WHITEHEAD, an individual, Defendants-Appellants.
No. 98-15298
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
April 5, 2000

1
Brian T. Ashe, Seyfarth, Shaw, Fairweather & Geraldson, San Francisco, California; George E. Preonas and Steven B. Katz, Seyfarth, Shaw, Fairweather & Geraldson, Los Angeles, California, for the defendants-appellants.

2
Samuel Kornhauser, Law Offices of Samuel Kornhauser, San Francisco, California, for the plaintiffs-appellees.

3
Appeal from the United States District Court for the Northern District of California Vaughn R. Walker, District Judge, Presiding, D.C. No. CV-97-03633-VRW

4
Before: Diarmuid F. O'Scannlain and Kim McLane Wardlaw, Circuit Judges, and Wm. Matthew Byrne, Jr.,1 District Judge.

ORDER

5
The Opinion filed January 12, 2000, slip op. 403, is amended as follows:

6
1. At slip op. 425, in the final sentence of the first full paragraph, change

7
Because the allegation at issue in the state law claims -- that Seyfarth charged legal fees to the Plans in excess of an amount agreed upon by the parties -- is precisely the sort of prohibited transaction governed by ERISA, we hold in accord with Concha that the claims are preempted.

8
to

9
In evaluating the underlying remand order for the purpose of reviewing the district court's grant of attorneys' fees, we conclude that the allegation at issue in the state law claims -- that Seyfarth charged legal fees to the Plans in excess of an amount agreed upon by the parties -- is the sort of prohibited transaction governed by ERISA. Accordingly, the district court erred in finding that the claims were not preempted. See Concha, 62 F.3d at 1504.

10
2. At slip op. 408, in the first sentence of the first paragraph, delete the comma after "Fairweather"

11
3. At slip op. 408, in the first sentence of the sec ond paragraph, change "&" to "and"

12
4. At slip op. 416, in the sentence crossing over from the previous page, change

13
"[1] where state law claims fall outside

14
to

15
"where state law claims [1] fall outside

16
With these amendments, the panel has voted unanimously to deny the petition for rehearing. Judge O'Scannlain and Judge Wardlaw have voted to reject the suggestion for rehearing en banc and Judge Byrne so recommends.

17
The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

18
The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

Notes:

1
The Honorable Wm. Matthew Byrne, Jr., Senior United States District Judge for the Central District of California, sitting by designation.