**Denise HARRIS, Plaintiff,**

v.

**MICHIGAN CONSOLIDATED GAS COMPANY, a Michigan corporation, Defendant.**

**Caroal Philpot Plaintiff,**

v.

**Michigan Consolidated Gas Company, a Michigan corporation, Defendant.**

**Beverly Saunders, Plaintiff,**

v.

**Michigan Consolidated Gas Company, a Michigan corporation, Defendant.**

**Terrye Prybylski, Plaintiff,**

v.

**Michigan Consolidated Gas Company, a Michigan corporation, Defendant.**

**Nos. 00–72963, 00–72964, 00–72965, 00–72966.**

United States District Court, E.D. Michigan, Southern Division.

Oct. 16, 2000.

Paul L. Kaliszewski, Gerald L. Portney, Lopatin, Miller, Freedman, Bluestone, et al., Southfield, MI, for Plaintiffs.

Martin J. Galvin, John F. Birmingham, Jr., Dykema Gossett PLLC, Detroit, MI, for Defendant.

## *OPINION AND ORDER*

FEIKENS, District Judge.

### I. INTRODUCTION

Each of the above captioned cases was filed with identical amended complaints. The first case, Denise Harris v. Michigan Consolidated Gas Company, has been chosen as the lead case for the purpose of this opinion and order.

The plaintiff Denise Harris (Harris) filed a complaint in the Wayne County Circuit Court alleging she was wrongfully discharged by her employer, the defendant Michigan Consolidated Gas Company (MichCon). She then amended her complaint, changing the allegations of wrongful discharge to age discrimination. She states that the sole purpose her employers had for discharging her was to prevent her from obtaining benefits under MichCon's health and pension plans, which are qualified ERISA plans. MichCon promptly removed the amended complaint to this court on the theory of complete preemption under ERISA. Harris now moves for remand to the state court.

### II. BACKGROUND

Harris was hired by MichCon as a stenographer in August 1976. During her employment, Harris participated in MichCon's retirement program, governed by ERISA. In July 1997, MichCon terminated Harris' employment.

Harris originally filed an action in the Wayne County Circuit Court alleging

wrongful discharge and age discrimination in violation of the Michigan Elliott–Larsen Civil Rights Act. In June 2000, Harris submitted an amended complaint to the Circuit Court. In it she dropped the charge of wrongful discharge and focused solely on allegations of age discrimination. The amended complaint states:

7. As an incentive to continue her faithful employment, the Defendant had implemented a retirement program that was funded 100% by the Defendant that assured the employee's [sic] would be able to retire with relative security when they reached their golden years.

8. The implementation of the retirement program represents a cost to the Defendant that increased the longer the employee remained employed with the company, and the older the employee became and continued on after the retirement of the employee.

9. That in addition, employee salaries and benefits continue and increase the longer the employee remains with the company...

11. The Defendant terminated Plaintiff... solely for the purpose of decreasing costs and expenses normally associated with older long-term employees.

12. That the Defendant has a pattern and practice of terminating older employees with long-term service for the purpose of reduction in costs of retirement packages, salaries and other expenses.

## III. DISCUSSION

The issue is whether ERISA preempts Harris's complaint.

The Employee Retirement Income Security Act of 1974 (ERISA) has two sections which relate to this issue. The first is the section containing the civil enforcement provisions, 29 U.S.C.A. § 1132, or ERISA § 502. The second provision, which Mich-

Con argues envelops Harris' complaint, is 29 U.S.C.A. § 1140, or ERISA § 510. Section 510 provides:

It shall be unlawful for any person to discharge... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

The provisions of section 1132 [§ 502] shall be applicable in the enforcement of this section.

The United States Supreme Court has stated that ERISA § 502(a) is "the exclusive remedy for vindicating § 510 protected rights..." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

The plaintiff argues that I must remand the complaint to state court citing the United States Court of Appeals for the Sixth Circuit's decision in *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995). In that case an en banc court discussed ERISA preemption, but did not discuss the relationship between § 502 and § 510 of ERISA. The defendant argues that removal is proper since the plaintiff's complaint, regardless of the relief requested, falls within § 510 and is enforced through § 502 in that Harris alleges that the main purpose in the termination of her employment was to interfere with her attainment of ERISA benefits.

## A. COMPLETE PREEMPTION

A defendant may remove an action to federal court only if that court has original subject matter jurisdiction, 28 U.S.C. § 1441(a), either in a case of diversity of the parties or when a federal question is presented.

Generally, a court looks only to the face of the plaintiff's complaint to determine whether a federal question exists. *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). This is known as the "well-pleaded complaint rule". If a complaint relies only on state

law, it may not be removed. The well-pleaded complaint rule applies even though a defendant raises a substantive federal defense to a state law claim, and even if both parties concede that the federal defense is the only question truly at issue. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

██ One exception to the well-pleaded complaint rule is complete preemption. The U.S. Supreme Court has held that Congress may so completely preempt a particular area that any civil complaint in this area is necessarily federal in character, regardless of how the plaintiff has worded the complaint. *Metropolitan Life v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Metropolitan Life,* the Supreme Court held that Congress intended the civil enforcement provisions (§ 502) of ERISA to fall within the complete preemption exception to the well-pleaded complaint rule. *Id.,* at 66, 107 S.Ct. 1542.

## B. THE RELATIONSHIP BETWEEN § 502 AND § 510

██ The Sixth Circuit did not consider § 510 claims in *Warner,* or whether a § 510 claim would necessarily invoke § 502. Harris argues that since she does not ask for the recovery of benefits, she has not invoked ERISA § 502.

██ Other courts have considered this issue. The Supreme Court noted in *Ingersoll–Rand* that § 510 of ERISA is not an island in the statute, it may be enforced only through § 502. 498 U.S. at 145, 111 S.Ct. 478. It stated:

Not only is § 502(a) the exclusive remedy for vindicating § 510–protected rights, but there is no basis in § 502(a)'s language for limiting ERISA actions only to those which seek "pension benefits".... Consequently, it is no answer to a preemption argument that a partic-

ular plaintiff is not seeking recovery of pension benefits.

*Id.*

Other circuits have followed this approach. *See Wood v. Prudential Ins. Co. of America,* 207 F.3d 674 (3rd Cir.2000); *Engelhardt v. Paul Revere Life Ins.,* 139 F.3d 1346 (11th Cir.1998); *Rice v. Panchal,* 65 F.3d 637 (7th Cir.1995). Recently a district court in the Northern District of Ohio has found that a claim covered by § 510 triggers the complete preemption of § 502. *See Kalo v. Moen Incorporated,* 93 F.Supp.2d 869, 875 (N.D.Ohio 2000) ("Thus, despite Kalo's artful attempt to style the third claim as a violation of Ohio public policy, it necessarily arises·under § 1140 [§ 510] and, accordingly, the enforcement provisions of § 1132 [§ 502]").

Harris' complaint states in several different ways that the only reason for her discharge was that MichCon wanted to avoid paying her benefits due under its employee benefit plans; she simply states her discharge was "solely for the purpose of decreasing costs and expenses normally associated with older long-term employees." Thus MichCon's intention to interfere with her benefits is not incidental to her claim; it is her claim, and is thus a straightforward claim under § 510 of ERISA. It falls within the enforcement provisions of § 502, which requires complete preemption.

## IV. CONCLUSION

I conclude that removal of each of the identical captioned cases from the state court was proper. Therefore the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.