Seyfarth SHAW, a partnership; Michael D. Whitehead, an individual, Plaintiffs—Appellants,

v.

Anthony RUTLEDGE, Defendant—Appellee.

No. 02–15796.

D.C. No. CV–01–04468–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2003.

Decided March 25, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

MEMORANDUM *

Even though "some evaluation of the merits of the remand order is necessary to review an award of attorney's fees," *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992), the remand order

itself clearly cannot be appealed, 28 U.S.C. § 1447(d). Even erroneous remand orders are statutorily immune from appellate review. *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1293 (9th Cir.1987).

The necessary consequence of § 1447(d) is that the case proceeds in state court, whether or not the district court's decision to remand was correct. *See* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3740, at 514–15 (3d ed.1998) (discussing purpose of § 1447(d) as expediting the case in state court by avoiding protracted litigation of the removal question in federal court). Federal jurisdiction over the remand question ends with the district court's remand order.

In the present case, Seyfarth Shaw seeks to enjoin the state court's proceedings after the remand. Seyfarth Shaw is just attempting an end run around § 1447(d). We simply may not review the remand decision by this or any other means. Whether our previous opinion, *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212 (9th Cir.), *amended by* 208 F.3d 1170 (9th Cir.2000), has preclusive effect on the preemption question that we addressed in the context of the order concerning fees and costs is an issue for the California courts. The district court's dismissal of this action is

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.