**EyVonne J. VARGAS, et al., Plaintiffs,**

v.

**CHILD DEVELOPMENT COUNCIL OF FRANKLIN COUNTY, INC., et al., Defendants.**

**Case No. C–2–02–1225.**

United States District Court, S.D. Ohio, Eastern Division.

May 15, 2003.

Beverly Joy Farlow, Farlow & Associates, Dublin, OH, for plaintiff.

Sandra Jo Anderson, Vorys, Sater, Seymour & Pease, Columbus, OH, Taylor Jones, Jr., Jones & Washington Co., L.P.A., Dayton, OH, for defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This is an action concerning medical and disability insurance benefits brought by EyVonne J. Vargas against her former employer, the Child Development Center of Franklin County, Inc. ("CDCFC"). Tonietta I. Vargas, Tonika I Vargas and Tony I. Vargas II, who were designated as participants or beneficiaries of the insurance coverage obtained by EyVonne Vargas, are also listed as plaintiffs. Addition-

al defendants include certain employees of CDCFC; United HealthCare of Ohio, Inc., the provider of medical insurance coverage to CDCFC; Prudential Insurance Company of America, the provider of disability insurance coverage to CDCFC; and COBRA Compliance, Inc.

Plaintiffs allege that EyVonne Vargas was not informed of her right to continuing insurance benefits either at the commencement of insurance coverage or upon the termination of her employment in violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. § 1161, *et seq.* Plaintiffs also seek to recover benefits allegedly due under the insurance plans, and have asserted a claim for payment of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also assert a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3)(B), alleging that defendants breached their fiduciary duties as plan administrators by failing to process her application for short-term disability benefits or by arbitrarily denying those benefits. Finally, EyVonne Vargas asserts a cause of action under Ohio law for violation of the public policy, claiming that defendants discharged her for exercising her rights under ERISA. The remedies sought by plaintiffs include back pay, reinstatement, compensatory and punitive damages, reimbursement of all medical expenses, attorney's fees, and the statutory amount of one hundred dollars per day pursuant to 29 U.S.C. § 1132(c) for the alleged COBRA violation.

This matter is before the court on the January 30, 2003, motion of United Healthcare of Ohio to strike the jury demand and any claims for extracontractual compensatory and punitive damages. The court notes that on April 21, 2003, plaintiffs filed an amended complaint. However, the issues raised by the motion to strike were not rendered moot by the filing of the amended complaint. The court will therefore consider the motion to strike as being addressed to the amended complaint.

■ It is well established that extracontractual compensatory and punitive damages are not available under ERISA. *See Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)(extracontractual damages not available in action for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3)); *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)(no extracontractual damages caused by improper or untimely processing of benefit claims available under ERISA); *Allinder v. Inter–City Products Corp. (USA),* 152 F.3d 544 (6th Cir.1998)(no compensatory or punitive damages under § 1132(a)(3)); *Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689 (6th Cir.1989)(no claims for extracontractual compensatory or punitive damages under ERISA); *Varhola v. Doe,* 820 F.2d 809 (6th Cir.1987)(punitive damages are based on state law and are pre-empted by ERISA). The above authorities indicate that plaintiffs cannot recover extracontractual compensatory or punitive damages in connection with the claims for recovery of benefits and for breach of fiduciary duty alleged in the third and fourth causes of action of the amended complaint.

Extracontractual compensatory and nonstatutory punitive damages are also not available in regard to the COBRA claims asserted in the first and second causes of action in the amended complaint. The remedies available for a COBRA violation are found in 29 U.S.C. § 1132. Under 29 U.S.C. § 1132(a)(3)(B), a participant or beneficiary may bring an action to redress any violations of ERISA, including COBRA violations. As noted above, extra-

contractual damages are not available in an action under 29 U.S.C. § 1132(a)(3).

■■■ Compensatory damages available under COBRA are typically calculated by referring to the relevant insurance contract. Courts look to the insurance coverage for medical bills which could have been secured by plaintiffs had they received timely notice, minus the cost of any premiums or deductibles. *See, e.g., Holford v. Exhibit Design Consultants*, 218 F.Supp.2d 901 (W.D.Mich.2002); *Chenoweth v. Wal–Mart Stores, Inc.*, 159 F.Supp.2d 1032 (S.D.Ohio 2001). No compensatory damages for mental distress are available under COBRA. *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir.1992); *Torres–Negron v. Ramallo Bros. Printing, Inc.*, 203 F.Supp.2d 120 (D.P.R.2002). Congress has also clearly determined the extent to which punitive damages are available by enacting 29 U.S.C. § 1132(c)(1), which provides that the court, in its discretion, may order a payment of up to one hundred dollars per day from the date of the failure or refusal of the plan administrator to provide the information required under 29 U.S.C. § 1166(a)(1) and (4). No other punitive damages are available.

■■ The fifth cause of action in the amended complaint, which alleges the wrongful discharge of plaintiff EyVonne Vargas, has been pleaded as a claim under Ohio law for violation of public policy. However, the alleged motive for this termination is defendants' interference with plaintiffs' rights under ERISA, including the right to receive medical and disability insurance benefits. As such, this claim is in essence one for interference with protected rights under 29 U.S.C. § 1140, and it is pre-empted by ERISA. *See Ingersoll–Rand v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)(state law public policy claim pre-empted by § 1140); *Wood v. Prudential Ins. Co. of America,*

207 F.3d 674 (3d Cir.2000); *Kalo v. Moen Inc.*, 93 F.Supp.2d 869 (N.D.Ohio 2000)(termination in violation of Ohio public policy based on benefits-defeating motive pre-empted).

Considering the claim in the fifth cause of action as one under 29 U.S.C. § 1140 leads to the conclusion that extracontractual compensatory and punitive damages are not available for that claim. Violations of § 1140 are subject to redress under 29 U.S.C. § 1132(a)(3), which does not provide for extracontractual compensatory or punitive damages. *See Zimmerman v. Sloss Equipment, Inc.*, 72 F.3d 822, 827–29 (10th Cir.1995)(no extracontractual damages for emotional distress or punitive damages available for alleged violation of § 1140).

■■ In regard to the motion to strike the jury demand, it is also well settled that there is no right to a jury trial on ERISA claims for recovery of benefits or breach of fiduciary duty. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir.1998)(no right to a jury for denial of benefits claim); *Sprague v. General Motors Corp.*, 133 F.3d 388, 406 (6th Cir. 1998)(no right to jury trial on ERISA claims, including claims for breach of fiduciary duty); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 882–83 (6th Cir. 1997)(no right to jury trial in action to recover plan benefits or to enforce or clarify rights under plan). Courts have also held that there is no right to a jury on COBRA claims under ERISA. *See Rittenhouse v. Professional Micro Systems, Inc.*, No. C–3–98–89 (unreported), 1999 WL 33117263 (S.D.Ohio July 21, 1999); *Mathis v. American Group Life Ins. Co.*, 873 F.Supp. 1348, 1361–62 (E.D.Mo.1994)(granting motion to strike jury demand in case which included COBRA claims).

.

■ Plaintiffs are correct in pointing out that there is a split of authority on the issue of whether a plaintiff asserting a wrongful discharge claim under § 1140 is entitled to a jury. *Compare, e.g., Thomas v. Allen–Stone Boxes, Inc.,* 925 F.Supp. 1316, 1319–20 (W.D.Tenn.1995)(no jury trial) *with International Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Midland Steel Products Co.,* 771 F.Supp. 860, 862–65 (N.D.Ohio 1991). However, the vast majority of courts which have addressed this question have concluded that there is no right to a jury trial for a retaliatory discharge claim. *See, e.g., Zimmerman,* 72 F.3d at 829 (citing cases); *Spinelli v. Gaughan,* 12 F.3d 853, 855–58 (9th Cir.1993); *Cox v. Keystone Carbon Co.,* 894 F.2d 647 (3d Cir. 1990). This court agrees with those courts which have concluded that there is no right to a jury trial for a claim under § 1140.

The court concludes that the motion of United HealthCare of Ohio to strike the claims for extracontractual compensatory and punitive damages and the demand for a jury trial is well taken, and it is hereby granted.